R. Chad Pugh (USB No. 14035)
STOEL RIVES LLP
201 S. Main St., Suite 1100
Salt Lake City, UT 84111-4904
Phone: (801) 578-6998
Fax: (801) 578-6999
chad.pugh@stoel.com

W. Kyle Tayman (admitted *pro hac vice*)
GOODWIN PROCTER LLP
901 New York Avenue NW
Washington DC 20001
Tel.: 202.346.4000
Fax: 202.346.4444
ktayman@goodwinlaw.com

*Attorneys for Defendant*

**IN THE UNITED STATES DISTRICT COURT**
**DISTRICT OF UTAH, CENTRAL DIVISION**

| | |
|---|---|
| R. FLOYD ASHER,<br><br>Plaintiff,<br><br>v.<br><br>QUICKEN LOANS INC.,<br><br>Defendant. | Case No. 2:17-cv-01203-JNP-BCW<br><br>**MOTION TO DISMISS FIRST AMENDED COMPLAINT AND MEMORANDUM IN SUPPORT** |

**RELIEF SOUGHT AND GROUNDS FOR MOTION**

Pursuant to Federal Rules of Civil Procedure 8 and 12(b)(6), Quicken Loans Inc. ("Quicken Loans") moves to dismiss the *pro forma* First Amended Complaint

("FAC" or "First Amended Complaint") filed by Plaintiff R. Floyd Asher ("Asher"), because it fails to state a claim upon which relief can be granted. This Motion is based on the supporting memorandum below.

**INTRODUCTION**

Five months into this lawsuit, and although Quicken Loans' Motion to Dismiss (ECF No. 5) his original complaint identified numerous pleading defects, Plaintiff R. Floyd Asher has yet to state a cognizable claim under the Telephone Consumer Protection Act ("TCPA"). In his single-count, three-page First Amended Complaint, Asher alleges that Quicken Loans—a twelve-time J.D. Power award winner for client satisfaction in mortgage origination and servicing—violated an unidentified provision of Section 227 of the Telephone Consumer Protection Action ("TCPA"). In support of his claim, Asher alleges virtually nothing. Rather, just like in his original complaint, he merely asserts that Quicken Loans called his purported (but unidentified) cellular telephone number an unspecified number of times, on unspecified dates within the last 2 years, for an unspecified purpose, without his consent. FAC ¶¶ 5-8. This barebones pleading—in an obviously off-the-shelf, form complaint—is insufficient to state a cognizable claim under the TCPA as a matter of law. (Indeed, confirming its status as a form complaint, Asher's First Amended Complaint copies, nearly word for word, the

original (and defective) complaint filed by his counsel in this same district on behalf of another plaintiff. *See* Complaint, *Mitchell v. Quicken Loans*, No. 2:17-cv-01041-JNP-BCW (D. Utah Sept. 18, 2017), ECF No. 2.)[1] To survive a motion to dismiss, Asher must plead *factual* allegations sufficient for this Court to conclude that his claim is *plausible*, not merely possible. *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 557 (2007). He cannot, as he attempts to do, sustain that burden by merely regurgitating the elements of a TCPA claim without any factual enhancement about those elements. *Abbas v. Selling Source, LLC*, No. 9-3413, 2009 WL 4884471, at *2 (N.D. Ill. Dec. 14, 2009) (dismissing TCPA claim for failure to allege when plaintiff received texts, what the texts stated, or from what number he received the texts).

Beyond the fact that it fails the pleadings requirements of Federal Rule of Civil Procedure 8, the FAC also suffers from numerous other defects requiring its dismissal. For example, even assuming Asher intends to allege a violation of the cellphone provision of the TCPA (Section 227(b)(1)(A)(iii)), the FAC is devoid of factual allegations sufficient to support any claim that the challenged (but

---

[1] After Quicken Loans moved to dismiss the nearly verbatim complaint in *Mitchell*, the plaintiff filed an amended complaint adding details about the challenged calls, rather than oppose the motion. *See id.*, ECF No. 11. By contrast, here, Asher has amended his complaint *without* adding any details about the challenged calls. In other words, Asher has filed a form complaint which his counsel has previously acknowledged fails to state a TCPA claim.

unidentified) calls were made using a "prerecorded voice" or "automatic telephone dialing system" ("ATDS"). In fact, Asher nowhere pleads that any of the challenged calls involved a prerecorded voice message (and none did, because Quicken Loans does not make such calls to potential clients like Asher). And, as to the ATDS element, the D.C. Circuit recently held that plaintiffs must prove that the challenged calls were made using "equipment with the 'capacity' to perform each of two enumerated functions: (i) storing or producing telephone numbers 'using a random or sequential number generator' and (ii) dialing those numbers." *See ACA Int'l v. FCC*, 885 F.3d 687, 693, 701-03 (D.C. Cir. 2018). Again, the FAC contains no factual or other allegations that Quicken Loans made any calls to Asher's purported cellphone using equipment with the capacity to perform either function. The FAC thus fails to state a Section 227(b)(1)(A)(iii) claim and must be dismissed. *Ibey v. Taco Bell Corp.*, No. 12-0583, 2012 WL 2401972, at *3 (S.D. Cal. June 18, 2012) (dismissing ATDS claim for failure to plead use of a random or sequential number generator).

The FAC must also be dismissed to the extent it purports to plead an FDCPA action. While the FAC references Plaintiff's "claims for violations of the FDCPA" under 15 U.S.C. § 1692k(d) (FAC ¶ 2), there are no factual or other allegations to sustain such a claim. This is the second complaint in this action, and

the third complaint filed by the same attorney in this district, that blithely raises meritless and unsupported claims in verbatim pleadings. This Court should not countenance such a blatant disregard for the Federal Rules of Civil Procedure.

## ARGUMENT

### I. The Motion to Dismiss Standard.

To survive a Rule 12(b)(6) motion to dismiss, a complaint must meet Rule 8(a)'s pleading requirements and allege "enough facts to state a claim to relief that is plausible on its face." *Twombly*, 550 U.S. at 570. Pursuant to this standard, a "plaintiff's obligation to provide the 'grounds' of his 'entitle[ment] to relief' requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Id.* at 555 (alteration in original) (citation omitted). "Nor does a complaint suffice if it tenders 'naked assertion[s]' devoid of 'further factual enhancement.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Twombly*, 550 U.S. at 557). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged. . . .The complaint must offer sufficient factual allegations to raise a right to relief above the speculative level." *Burnett v. Mortg. Elec. Registration Sys., Inc.*, 706 F.3d 1231, 1235 (10th Cir. 2013) (internal quotations and citations omitted).

To state a claim under the TCPA's cellphone provision (assuming that is the TCPA provision Asher attempts to invoke here), a complaint must allege plausible, factual allegations that the challenged call(s) was placed (i) using an ATDS or prerecorded message, (ii) to a cellular phone number, (iii) of which plaintiff was the authorized user or subscriber at the time of challenged call(s), and (iv) without his or her consent. 47 U.S.C. § 227(b)(1)(A); *In the Matter of Rules & Regulations Implementing the Tel. Consumer Prot. Act of 1991*, 30 FCC Rcd. 7961, 8000-01 ¶ 73 (2015).

## II. The FAC Fails to State a TCPA Claim.

Asher fails to allege facts sufficient to state a TCPA claim against Quicken Loans. As an initial matter, the FAC here does not even attempt to plead or otherwise identify the specific subsection of the TCPA under which he purports to sue. At most, Paragraph C in the Prayer for Relief makes reference to a violation of Section 227(b) of the TCPA. Section 227(b), however, provides for a host of different causes of action, including for certain calls made to a residential phone and certain calls to cellular phones—each of which has different elements that must be pled. *See* 47 U.S.C. § 227(b)(1)(A), (1)(B), (2). Rule 8 requires Plaintiff to provide a short and plain statement of the claim. Fed. R. Civ. P. 8(a)(2). And a

complaint that requires this Court and Quicken Loans to guess what claim Asher intends to assert plainly fails this requirement.

Even if this Court assumes that Asher intends to assert a claim for violation of the TCPA's cellphone provision (Section 227(b)(1)(A)(iii))—a statutory provision Asher nowhere cites or identifies—the FAC still must be dismissed. At best, the FAC simply regurgitates the elements of such a claim without providing the requisite factual enhancement necessary to make his conclusory allegations of a violation plausible. *Twombly*, 550 U.S. at 555; *see Augustin v. Santander Consumer USA, Inc.*, 43 F. Supp. 3d 1251, 1254 (M.D. Fla. 2012) (dismissing TCPA action where Plaintiff merely regurgitated the statutory elements). Asher does not, for example, plead the phone number at which he allegedly received the calls, the phone number from which the calls originated, when the calls occurred, the identity of the callers, or what was said during the alleged calls. *See generally* FAC. Without such basic information, Plaintiff's conclusory allegations fail to plausibly support his barebones conclusions that (i) the calls came from Quicken Loans (Compl. ¶ 8); (ii) Asher received the calls on his cellular phone (*id.*); and (iii) the calls were made without Asher's consent (*id.*). Dismissal is appropriate under these circumstances where the "complaint makes absolutely no factual

allegations about the content of the alleged calls." *Trenk v. Bank of Am.*, No. 17-3472, 2017 WL 4170351, at *2-3 (D.N.J. Sept. 20, 2017).

Nor does the FAC contain factual allegations sufficient to plead the prerecorded message or ATDS element of any cellphone provision claim. Instead, Asher offers only speculation and a mere legal conclusion that Quicken Loans used a prerecorded voice message or ATDS. FAC ¶ 5. That Asher cannot even identify whether the challenged calls were made with a prerecorded voice *or* an ATDS speaks volumes and reveals the patent pleadings defects in his recycled FAC. Regardless, the FAC contains no factual allegations sufficient to plead that any of the challenged calls were made using either a prerecorded voice or ATDS (and they were not). As to the former, Asher pleads no factual allegations that any call to him involved a prerecorded voice message; indeed, Asher does not even plead the content of any call. He does, however, allege that he *spoke* to someone (although he does not identify who) during some unidentified call. FAC ¶ 6. That allegation of communication with a live person is, of course, inconsistent with the use of a prerecorded voice message.

And, as to the ATDS allegation, the D.C. Circuit recently issued a unanimous ruling invalidating prior guidance by the Federal Communication Commission (FCC) interpreting what is an ATDS. That decision reinforces that

the plain language of Congress' statutory definition of an ATDS (Section 227(a)(1)) controls. *See ACA*, 885 F.3d at 693, 701-03. As noted, the D.C. Circuit held that, consistent with the statutory definition, an ATDS must "perform each of two enumerated functions: (i) storing or producing telephone numbers 'using a random or sequential number generator' and (ii) dialing those numbers." *Id.* at 693 (quoting 47 U.S.C. § 227(a)(1)). It follows that to state a cognizable cellphone provision claim, Asher must plead factual allegations to plausibly support a claim that the challenged calls to him were made with equipment performing both functions—i.e., that the equipment "randomly or sequentially" generated his number, and then called his number.

Asher pleads no such facts. He alleges only that "Plaintiff believes Defendant used an 'automatic telephone dialing system' because when picking up the phone, there is a delay before Plaintiff is able to speak to anyone. On information and belief, Defendant is a large corporation that places thousands of such calls per month, and it would be unrealistic for all such calls to be manually placed." FAC ¶ 6. But Plaintiff's conclusory pleading about the alleged use of an ATDS and his "belief" that Quicken Loans places thousands of calls per month does not (and cannot) rise to a factual allegation about how *he* was allegedly called by Quicken Loans. Indeed, the D.C. Circuit specifically rejected the FCC's

statement that the function of an ATDS is to "dial thousands of numbers in a short period of time," because that fails to speak to the equipment's capacity for "generating [random or sequential] numbers and then dialing them." *ACA*, 885 F.3d at 702-03 (citation omitted).

Similarly, Plaintiff's vague allegation regarding a "delay" when picking up the phone (FAC ¶ 6) does nothing to suggest that Quicken Loans used a random or sequential number generator in identifying Asher's number, and then dialing his number. While some courts had previously relied on FCC guidance to hold that such a "delay" was indicative of a predictive dialer (*see e.g.*, *Lofton v. Verizon Wireless (VAW) LLC*, No. 13-05665, 2015 WL 1254681, at *5 (N.D. Cal. Mar. 18, 2015) ("the 'telltale' pause after plaintiff picked up each call until the agent began speaking [] suggests the use of a predictive dialing system, and thus renders plausible the conclusory allegation that an ATDS was used")), the D.C. Circuit rejected the FCC's view that predictive dialers necessarily meet the definition of an ATDS. The Court instead held that "at least some predictive dialers [do not qualify as an ATDS because they] have no capacity to generate random or sequential numbers." *ACA*, 885 F.3d at 703. Given this on point holding, Asher can no longer rely on prior decisions finding that a delay is indicative of a predictive dialer to attempt to plead the use of an ATDS. This is because a

predictive dialer no longer qualifies as an ATDS in all cases. *Id.* Indeed, in the wake of *ACA*, courts have held that "Plaintiff cannot rely on the FCC's definition of an ATDS to the extent it includes systems that cannot be programmed to dial random or sequential numbers, as is the case with some predictive dialers." *Marshall v. CBE Grp., Inc.*, No. 16-02406, 2018 WL 1567852, at *7 (D. Nev. Mar. 30, 2018); *see also Iqbal*, 556 U.S. at 680 (allegations of unlawful conduct are implausible when the conduct is more likely explained by lawful behavior).

At bottom, Plaintiff only baldly asserts that Quicken Loans "used an automatic telephone dialing system and/or pre-recorded voice to place multiple calls to Plaintiff's Utah cellular telephone without the prior express consent of Plaintiff." FAC ¶ 8. But, under Rule 8, "a plaintiff's obligation to provide the 'grounds' of his 'entitle[ment] to relief' requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Twombly*, 550 U.S. at 555 (alternation in original) (citation omitted); *Burnett*, 706 F.3d at 1241 (affirming dismissal of FDCPA claim for failure to plead facts sufficient to "nudge [her] claims . . . across the line from conceivable to plausible.") (citation omitted); *Jones v. FMA All. Ltd.*, 978 F. Supp. 2d 84, 87 (D. Mass. 2013) (dismissing TCPA claim for failure to allege ATDS).

Faced with similarly defective allegations, federal courts routinely dismiss conclusory TCPA claims like Asher's here. *See, e.g.*, *Jones*, 978 F. Supp. 2d 84; *Trenk*, 2017 WL 4170351; *Augustin*, 43 F. Supp. 3d at 1254 ("Plaintiff's contention that he must only allege that a call was placed to a cellular phone using an automatic telephone system, without any dates, details or identifying phone numbers, is not supported by case law."); *Abbas*, 2009 WL 4884471, at *2 (dismissing claim for lack of notice when Plaintiff failed to allege when he received challenged texts, what the texts stated, or from what numbers he received the texts: "Some fair notice to [defendant] is particularly necessary here because Abbas seeks recovery for each violation of the TCPA."); *Douek v. Bank of Am. Corp.*, No. 17-2313, 2017 WL 3835700, at *2 (D.N.J. Sept. 1, 2017) (dismissing TCPA claim when Plaintiff alleged she received auto-dialed calls over a fifteen month period but complaint contained "absolutely no factual allegations about the content of the alleged calls and text messages," did not allege what phone number the texts came from, and did not allege specifically "when the calls and text messages were received"); *Salmon v. CRST Expedited, Inc.*, No. 14-0265, 2016 WL 47876, at *4 (N.D. Okla. Jan. 4, 2016) (dismissing TPCA claim where complaint "does not include any allegations that would reasonably support an inference that the calls placed by unidentified persons to plaintiff's cell phone had

anything to do with [defendant] or its products”); *Ibey*, 2012 WL 2401972, at *3 (dismissing TCPA claim for failure to plead use of random or sequential number generator); *Rhinehart v. Diversified Cent., Inc.*, No. 17-0624, 2018 WL 372312, at *8 (N.D. Ala. Jan. 11, 2018) (dismissing TCPA claim where Plaintiff made only bare allegations that an ATDS was used). This Court should follow suit and dismiss Asher’s defectively-pled TCPA claim.

**III. The FAC Fails to State an FDCPA Claim.**

As it did in *Mitchell*, this Court also should dismiss the FAC to the extent Plaintiff purports to state an FDCPA claim. *Mitchell*, ECF No. 17, at 5. As noted, Asher’s form FAC—just like the complaint his counsel filed in *Mitchell*—contains a conclusory allegation, in paragraph two, that this Court has federal question jurisdiction over her “claims for violations of the FDCPA.” FAC ¶ 2. But nowhere else does the FAC mention the FDCPA or plead any factual allegations of a violation (or potential violation) of the statute. Moreover, the FDCPA applies to debt collection practices (15 U.S.C. § 1692(e)), and Plaintiff pleads no facts relating to the existence of any debt owed to Quicken Loans (because there is no such debt) or debt collection practices directed to him by Quicken Loans (because there have been none). “Issues so inadequately treated . . . do not deserve [the Court’s] attention.” *Toone v. Wells Fargo Bank, N.A.*, 716 F.3d 516, 522 (10th

Cir. 2013) (affirming dismissal of FDCPA claim for failure to specify what actions violated the statute); *Stanton v. Ocwen Loan Servicing, LLC*, No. 1:10CV2 DAK, 2010 WL 3824640, at *6 (D. Utah Sept. 28, 2010) (dismissing FDCPA claim for failure to allege facts demonstrating liability).

**CONCLUSION**

For the foregoing reasons, this Court should grant the Motion and dismiss the FAC for failure to state a claim upon which relief can be granted.

Dated: May 2, 2018

/s/ R. Chad Pugh
R. Chad Pugh
*Attorney for Defendant*

**CERTIFICATE OF SERVICE**

I hereby certify that on May 2, 2018, I caused a true and correct copy of the foregoing to be served upon counsel of record as of this date by electronic filing.

/s/ R. Chad Pugh
R. Chad Pugh