IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF UTAH

| | |
|---|---|
| R. FLOYD ASHER,<br><br>　　　　　　　　Plaintiff,<br>v.<br><br>QUICKEN LOANS, INC.,<br><br>　　　　　　　　Defendant. | **MEMORANDUM DECISION AND ORDER GRANTING MOTION TO DISMISS**<br><br>Case No. 2:17-cv-1203<br><br>District Judge Jill N. Parrish |

Before the court is defendant's Motion to Dismiss the First Amended Complaint. (ECF No. 21). For the reasons below, the motion is granted. The court will, however, grant plaintiff leave to amend to address the deficiencies identified herein.

## I. BACKGROUND

Plaintiff R. Floyd Asher filed the operative first amended complaint on April 18, 2018, alleging violations of the Telephone Consumer Protection Act (the "TCPA"). Defendant Quicken Loans, Inc. ("Quicken Loans") filed this Motion to Dismiss on May 2, 2018. (ECF No. 21). Mr. Asher filed an opposition on May 30, 2018, (ECF No. 22), to which Quicken replied on June 13, 2018, (ECF No. 25).

## II. MOTION TO DISMISS STANDARD

Under Rule 12(b)(6), a defendant may move to dismiss a claim when the plaintiff fails to state a claim upon which relief can be granted. The court's function on a Rule 12(b)(6) motion is not to weigh potential evidence that the parties may present at trial but to "assess whether the plaintiff's complaint alone is legally sufficient to state a claim for which relief may be granted."

*Dubbs v. Head Start, Inc.*, 336 F.3d 1194, 1201 (10th Cir. 2003) (quoting *Miller v. Glanz*, 948 F.2d 1562, 1565 (10th Cir. 1991)).

"A court reviewing the sufficiency of a complaint presumes all of plaintiff's factual allegations are true and construes them in the light most favorable to the plaintiff." *Hall v. Bellmon*, 935 F.2d 1106, 1108 (10th Cir. 1991) (citing *Scheuer v. Rhodes*, 416 U.S. 232 (1974)). "To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). Plausibility, in the context of a motion to dismiss, means that the plaintiff has alleged facts that allow "the court to draw [a] reasonable inference that the defendant is liable for the misconduct alleged." *Id.*

### III. ANALYSIS

The TCPA prohibits the use of an automatic telephone dialing system ("ATDS") or a prerecorded voice to place calls to a cellular phone number without the called party's prior express consent. 47 U.S.C. § 227(b)(1)(A)(iii). To state a cause of action under the TCPA, a plaintiff must allege (1) that the defendant called the plaintiff's cellular telephone (2) using an ATDS or an artificial or prerecorded voice (3) without the plaintiff's prior express consent. *See Douek v. Bank of Am. Corp.*, No. CV 17-2313, 2017 WL 4882492, at *2 (D.N.J. Oct. 30, 2017).

Quicken Loans seeks dismissal on two grounds. First, it argues that the amended complaint does not contain sufficient facts to provide the minimal notice required by Rule 8 of the Federal Rules of Civil Procedure. Second, it argues that the amended complaint fails to adequately allege the use of an ATDS. The court addresses each argument below.

#### A. FAILURE TO PROVIDE ADEQUATE NOTICE

Quicken Loans first argues that Mr. Asher does not provide adequate notice by failing to "plead the phone number at which he allegedly received the calls, the phone number from which

the calls originated, when the calls occurred, the identity of the callers, or what was said during the alleged calls." Quicken Loans contends, and the court agrees, that without this information, the amended complaint fails to provide the minimal notice required by Rule 8 of the Federal Rules of Civil Procedure. Under Rule 8, a complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief." The purpose of this rule is to provide sufficient notice to permit a defendant to investigate the allegations and ascertain available defenses. The complaint here contains no information from which Quicken Loans can even begin to conduct a factual investigation. Moreover, given that each violation of the TCPA entitles a plaintiff to statutory damages of $500, a complaint without even a preliminary indication of the number of such calls does not provide a defendant with adequate notice of the liability it faces.

Mr. Asher requests leave to amend his complaint to add these facts. Under Rule 15, "[t]he court should freely give leave when justice so requires." Fed. R. Civ. P. 15. Quicken Loans has not argued, and the court does not find, that amendment here would be futile. Accordingly, Mr. Asher will be granted leave to include the facts identified above. And as explained below, the remaining elements of Mr. Asher's TCPA claim are adequately pleaded. Thus, if he remedies the factual deficiencies noted above he will have stated a claim under the TCPA.[1]

---

[1] Quicken Loans makes two other general arguments about the complaint, neither of which are compelling. Quicken complains stridently about plaintiff's counsel's admitted use of a form complaint that led to the erroneous inclusion of a reference to the Fair Debt Collection Practices Act (the "FDCPA") in a paragraph pleading subject-matter jurisdiction. But the remainder of the complaint makes clear that Asher brings only a claim under the TCPA. Quicken Loans' feigned confusion about the subsection under which Mr. Asher seeks relief is similarly unconvincing. The amended complaint contains more than enough information to apprise Quicken Loans of the source of legal liability Mr. Asher seeks to impose. He alleges having received calls that were indicative of an ATDS, and further alleges that he received those calls on his "Utah cellular phone." Am. Compl. at 2. With those two allegations alone, the court was able to immediately identify the portion of § 227(b) that creates liability on such facts. Moreover, a brief review of cases involving this provision reveals that courts routinely use the shorthand "TCPA claim" or merely "§ 227(b)" to refer to cases brought under § 227(b)(1)(A). These defects evince

## B. ATDS PLEADING SUFFICIENCY

Quicken Loans advances several arguments in support of its contention that the amended complaint does not adequately plead the second element of a TCPA claim (that the calls were made "using any automatic telephone dialing system or an artificial or prerecorded voice"). Quicken Loans first argues that the complaint must be dismissed for Mr. Asher's failure to allege the existence of a prerecorded voice message. This argument is unavailing because the statute is disjunctive: plaintiffs can state a claim under the TCPA by alleging the use of "any automatic telephone dialing system *or* an artificial or prerecorded voice." 47 U.S.C. § 227(b)(1)(A) (emphasis added); *see also Warnick v. Dish Network LLC*, No. 12-CV-1952, 2014 WL 12537066, at *11 (D. Colo. Sep. 30, 2014); *Vaccaro v. CVS Pharmacy, Inc.*, 2013 WL 3776927, at *1 (S.D. Cal. July 16, 2013). Thus, having plausibly alleged that the calls were made with an ATDS, Mr. Asher need not also plead the use of an artificial or prerecorded voice message.

Next, Quicken Loans argues that the D.C. Circuit's recent invalidation—under the Administrative Procedure Act—of certain TCPA interpretations promulgated by the Federal Communications Commission ("FCC") erects a legal impediment separate from the amended complaint's notice deficiencies. *See ACA Int'l v. FCC*, 885 F.3d 687, 701–03 (D.C. Cir. 2018). In *ACA*, the court found, among other things, that the FCC had offered impermissibly contradictory guidance regarding the types of devices that will qualify as an ATDS. *See id.* at 702–03. Some of that invalidated guidance appeared to encompass devices that do not meet the statutory definition of an ATDS. *See id.* at 703.

Though this argument is not well-developed, the court takes Quicken Loans to contend that because *ACA* effected a narrowing of devices that will be deemed an ATDS, Mr. Asher's

---

carelessness, to be sure, but defendant's contention that they amount to a lack of fair notice is unavailing.

allegation that his calls displayed "a delay before Plaintiff is able to speak to anyone" is no longer sufficient to nudge a TCPA claim across the line from conceivable to plausible.

TCPA defines an ATDS as "equipment which has the *capacity* . . . to store or produce telephone numbers to be called, using a random or sequential number generator; and . . . to dial such numbers." § 227(a)(1) (emphasis added). Thus, the TCPA may be violated when an unconsented call is made with equipment that possesses the capacity to generate and dial random or sequential numbers, regardless of whether the call was the result of random number generation. *See ACA Int'l*, 885 F.3d at 704 (noting that under current FCC interpretations, "the statute prohibits any calls made from a device with the capacity to function as an autodialer, regardless of whether autodialer features are used to make a call").

The court can conceive of no other facts reasonably available to Mr. Asher that would enhance his allegations that he received unconsented calls that bore indicia of an automated dialer. Without discovery, Mr. Asher has no way to learn whether the automated system that called him has the *capacity* to generate random or sequential numbers. But Mr. Asher has alleged that he received unconsented calls that are indicative of such equipment, and in the absence of a more plausible explanation for the genesis of those calls,[2] the court finds such allegations sufficient. If the presence of specific facts to establish the technical specifications of an ATDS were an absolute requirement at the pleading stage, then, so long as offenders sufficiently

---

[2] Quicken Loans urges the court to follow the lead of district courts that, according to Quicken Loans, have dismissed TCPA claims on Rule 12(b)(6) motions for failing to plead the use of a random or sequential number generator. But a review of those cases reveals that their complaints suffered from plausibility issues quite distinct from a failure to plead the technical capabilities of a dialer. For example, in *Ibey v. Taco Bell Corp.*, No. 12-CV-0583, 2012 WL 2401972, at *3 (S.D. Cal. June 18, 2012), the plaintiff's complaint admitted that he had opted in to receive communications from Taco Bell. In light of this fact, the court found it more plausible that Taco Bell was contacting him pursuant to that consent rather than through the use of a random or sequential number generator in violation of the TCPA. *Id.*

5

shielded the precise capabilities of their equipment from the general public, the TCPA could be violated with impunity. To the extent that Quicken Loans intended to argue that Mr. Asher must assert formulaic allegations that "upon information and belief, the equipment used to place the calls had the capacity to generate random or sequential numbers," the court cannot agree; Mr. Asher's amended complaint expressly alleges that the calls were made using an ATDS "as that term is defined in 47 U.S.C. § 227(a)(1)." Am. Compl. at 2.

The *ACA* decision may well foreclose ultimate liability in this case if Quicken's automatic dialers are of the variety that no longer qualify under the text of § 227(a)(1). *See Herrick v. GoDaddy.com*, 312 F. Supp. 3d 792, 801 (D. Ariz. 2018) (granting summary judgment in favor of TCPA defendant because its equipment was not an ATDS under the post-*ACA* definition). Indeed, as Quicken Loans points out, the invalidated FCC guidance had deemed certain predictive dialers to be ATDSs despite the fact that they do not meet the statutory definition. At the pleading stage, however, Mr. Asher has adequately alleged that he received calls from an ATDS as that term is defined in § 227(a)(1).[3]

## IV.  ORDER

For the reasons articulated, defendant's Motion to Dismiss is **GRANTED.** The complaint is dismissed **WITHOUT PREJUDICE**, and plaintiff is granted leave to amend the deficiencies identified within 21 days of this order.

Signed January 8, 2019

BY THE COURT

---

[3] Quicken Loans does not dispute that the amended complaint adequately alleges the third element of a TCPA claim: that the calls were made without Mr. Asher's prior express consent.

_____
Jill N. Parrish
United States District Court Judge